Henry Epstein, J.
Plaintiff moves for an order continuing, pending the action, the stay contained in the order to show cause. The action is brought pursuant to section 22-a of the Code of Criminal Procedure.
Many defendants are named who publish or distribute one or more of 54 named magazines. The defendant Synmag Publications, Inc., appearing specially cross-moves for an order vacating the service of the summons upon the ground that- service upon it was not properly made. The defendant Gr. I. Distributors, Inc., and the vendor defendants dealing in G. I.-distributed magazines move for dismissal pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice or for their elimination as parties-defendant pursuant to rule 102. Defendant Periodical Distributors of Greater New York, and by the separate cross motion, the defendants Liberty News Distributors, Inc., Vee & Em, Inc., and Emengee Publications, Inc., move for an order vacating the stay contained in the order to show cause and vacating the temporary injunction proceeding. The Corporation Counsel, the Police Commissioner, the Commissioner of Licenses and the District Attorneys of New York, Kings, Bronx and Queens Counties attest that the publications fall within the purview of section 22-a. Subdivision 2 thereof provides: ‘1 The person, firm or corporation sought to be enjoined shall be entitled *693 to a trial of the issues within one day after joinder of issue and a decision shall be rendered by the court within two days of the conclusion of the trial.” The language thus employed is not taken to exclude the availability of relief by temporary injunction.
Subdivision 3 of section 22-a provides that in the event of a final order or judgment of injunction the matter of which complaint is made may be seized and destroyed by the Sheriff. The provisions of subdivision 5 facilitate the prosecution of the action by charging the defendants with knowledge of the contents of the magazines after service upon them of a summons and complaint based upon section 22-a. That relief by temporary injunction is contemplated by subdivision 2 is made manifest by the provisions of subdivision 4, which dispense with the filing of any undertaking before the issuance of an injunction order provided in paragraph 2 and that the plaintiff shall not be liable for costs and damages sustained by reason of the injunction order in cases where judgment is rendered in favor of the person sought to be enjoined.
The opinions and judgments of officials which have been offered in aid of the court are entitled to considerable weight. Upon cursory inspection of the magazines, those opinions appear to be sufficiently supported and their contents appear to be sufficiently common in design and appeal to warrant prima facie maintenance of the action in its present form, and award of temporary injunction. The Legislature has found that literature as described in section 22-a is the source of crime. While there remains the need of caution to avoid censorship in imposing criminal liability upon alleged offenders and to avoid punishment where the statute has not been violated, yet “ Authorization of an injunction pendente lite, as part of this scheme, [§ 22-a], during the period within which the issue of obscenity must be promptly tried and adjudicated in an adversary proceeding for which ‘ adequate notice, judicial hearing, [and] fair determination ’ are assured, 208 Misc. 150, 164, 142 N. Y. S. 2d 735, 747, is a safeguard against frustration of the public interest in effectuating judicial condemnation of obscene matter.” (Kingsley Books v. Brown, 354 U. S. 436, 440.)
It is true that each publication must be accorded separate, complete and fair consideration. Several defendants have objected to the omnibus nature of this action. No formal application has been made with respect thereto or with respect to a suggestion of right of trial by jury. It would seem that the Justice presiding upon the trial may be safely vouchsafed the matter of arranging orderly procedure in hearing and deter *694 mining in accordance with the mandated time schedule. In any event, the objections are not now properly before the court. Nor is the alleged insufficiency of the complaint supported or the claimed right to be eliminated as parties-defendant pursuant to rule 102.
Liberty of the press is not an absolute right and is not absolutely unlimited as to prior restraint (Near v. Minnesota, 283 U. S. 697, 708). The limitation is the exception, and in these publications that exception protrudes. These publications, each and every one of them, open the gates to the presentation of lust and unfaithfulness. To call the photograph illustrations “ art ” is evidence of a concupiscent mind.
Plaintiff’s motion is granted and all cross motions are denied, save the cross motion of the defendant Synmag Publications, Inc., appearing specially, which is granted. As to that, an order will be settled referring that issue for trial. The order may also provide for early trial.